FILED
United States Court of Appeals
Tenth Circuit

July 8, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GREG KOON,

      Plaintiff-Appellant,

v.

SEDGWICK COUNTY, KANSAS,

      Defendant-Appellee.

No. 10-3178
(D.C. No. 6:08-CV-01123-EFM)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **McKAY**, and **O'BRIEN**, Circuit Judges.


Plaintiff Greg Koon appeals the district court's grant of summary judgment

in favor of defendant Sedgwick County.  The court concluded Mr. Koon failed to

establish a triable issue as to whether his transfer to a new work site was pretext

for retaliation.  Because Mr. Koon's pretext argument fails to address the specific

reasons proffered by the County for its decision to transfer, we affirm.

**BACKGROUND**

Mr. Koon was hired by Sedgwick County's public works department in

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

1988.  He was crew chief of the County's Clonmell Yard from 2003 until his transfer in 2007.  As crew chief, Mr. Koon was second-in-command behind Foreman Martin Seiter and, along with Mr. Seiter, was responsible for managing the yard's employees.

A crew chief and foreman are typically expected to work together, but Mr. Koon and Mr. Seiter's relationship grew increasingly dysfunctional.  In early 2005, Dorsha Kirksey, the County's diversity and employee relations manager, investigated a sexual harassment complaint filed against Mr. Koon by one of his co-workers.  Although Ms. Kirksey found no evidence of harassment, she nevertheless recommended Mr. Koon be removed from his supervisory post for failing to provide adequate support to Mr. Seiter.  Specifically, she reported that "[a]ll of the employees feel that the morale at the yard is extremely low, and that . . . Mr. Seiter and Mr. Koon are allowing an environment to exist that is hostile and preferential."  (Appellant's App. at 107.)  Ms. Kirksey also reported Mr. Koon would often confuse employees by changing or overriding Mr. Seiter's instructions and that he failed to "exhibit[] the skills and abilities necessary to be an effective supervisor."  (*Id.*)  Despite Ms. Kirksey's recommendations, the County only placed Koon on a ninety-day probation.  It also directed Mr. Seiter to attend supervisory and sexual harassment training.

In 2007, Ms. Kirksey was tasked with investigating another complaint, this time against Mr. Seiter.  During the investigation, Mr. Koon accused Mr. Seiter of

using County property for personal benefit and abusing his employees. He also blamed Mr. Seiter for low employee morale and turnover. Ms. Kirksey ultimately concluded Mr. Seiter had taken County property for personal use, but she also determined Mr. Seiter and Mr. Koon continued to "fail[] to work together and present a united front to employees." (*Id.* at 112.) Explaining that "[a]ny disagreements between the Foreman and the Crew Chief should be kept between them, and the Crew Chief is ultimately responsible for supporting the wishes of the Foreman when communicating with employees, whether he is in agreement or not," Ms. Kirksey recommended that "both Mr. Seiter and Mr. Koon be reassigned to positions at another location." (*Id.* at 112-13.)

Based on Ms. Kirksey's recommendations, the County moved Mr. Koon to a new work yard and reduced his position from crew chief to equipment operator level 2, the position he held before his promotion to crew chief, but continued to pay his crew chief salary. Mr. Seiter was also transferred.

Mr. Koon originally sued the County under Kansas whistle-blower laws for retaliatory demotion and Title VII. The Title VII claim was dropped during discovery, but the district court retained jurisdiction over the state claim. On the County's motion for summary judgment, Mr. Koon established a prima facie case but could not overcome his burden to establish that the County's reason for transferring him was pretextual. This appeal followed.

## DISCUSSION

We review the grant of summary judgment de novo, applying the same standards as the district court. *See Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1195 (10th Cir. 2008). We view the facts, and all reasonable inferences those facts support, in the light most favorable to the nonmoving party, Mr. Koon. *See id.* Because our review is de novo, we need not separately address arguments that the district court erred by viewing evidence in the light most favorable to the County or by treating disputed issues of fact as undisputed. *See Rivera v. City and Cnty. of Denver*, 365 F.3d 912, 920 (10th Cir. 2004). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Under Kansas law, retaliatory demotion is evaluated under the same three-step framework outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). *See Woods v. Midwest Conveyor Co.*, 648 P.2d 234 (Kan. 1982). The plaintiff must initially establish a prima facie case of discrimination. If the plaintiff establishes a prima facie case, the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for its action. Should the defendant carry this burden, the plaintiff then must establish a genuine dispute of material fact that the legitimate reasons offered by the defendant were not its true reasons but were mere pretext for retaliation. *See Bracken v. Dixon Indus., Inc.*,

-4-

38 P.3d 679, 682 (Kan. 2002).

Assuming Mr. Koon established a prima facie case of retaliation under Kansas law, we turn to the County's proffered nondiscriminatory reason for Mr. Koon's transfer and Mr. Koon's challenge to the County's reason as pretext for retaliation. The County asserts Mr. Koon was transferred to resolve a poor work environment at Clonmell Yard arising from caustic relationships both between Mr. Koon and Mr. Seiter and between the two men as a management unit and their subordinates. Mr. Koon's response can be distilled into two assertions, both of which he claims create triable questions as to whether the County's proffered reason for Mr. Koon's reassignment is now being used to cover up mismanagement of Clonmell Yard by the County's off-site leadership. First, Mr. Koon points to evidence that his co-workers approved of his performance as crew chief, therefore the County had no justifiable reason to transfer him. Second, Mr. Koon argues Ms. Kirksey's report contains overwhelming evidence against Mr. Seiter but only occasional references to Mr. Koon's performance, yet both men were transferred.

Any argument for pretext based on whether Mr. Koon was actually respected by his fellow employees for his performance as crew chief fails to address our inquiry of whether the County honestly relied in good faith upon the reported leadership deficiencies and animosity between Mr. Koon and Mr. Seiter. "Evidence that the employer should not have made the termination decision—for

-5-

example, that the employer was mistaken or used poor business judgment—is not sufficient to show that the employer's explanation is unworthy of credibility." *Swackhammer v. Sprint/United Mgmt. Co.*, 493 F.3d 1160, 1169-70 (10th Cir. 2007). We may infer from evidence presented by Mr. Koon that several employees thought he was a good leader. However, this inference fails to address Mr. Koon's relationship with Mr. Seiter and its effect on the yard's overall work environment. The County did not relocate Mr. Koon because he was unqualified, dishonest, or lazy, (*see* Appellant's App. at 144-49), but rather because he failed to "work in concert" with his foreman and "present a united front" to the other employees, (*id.* at 112).

Furthermore, the focus in Ms. Kirksey's 2007 report on Mr. Seiter rather than Mr. Koon is hardly surprising given the subject of her report was a complaint against Mr. Seiter, not against Mr. Koon. When presented with both the 2005 and 2007 reports, however, the County had sufficient information to conclude it should separate the two men in order to improve workplace morale and decrease turnover.

At its core, Mr. Koon's pretext argument is based on the theory that the County wished to spread blame for Clonmell Yard's misfortune onto both Mr. Seiter and Mr. Koon in order to punish Mr. Koon for embarrassing the County's off-site management. However, he has not provided any specific facts that speak to this assertion. Nor has he effectively addressed the specific reason proffered

by the County for his transfer.  We therefore AFFIRM.


                              Entered for the Court


                              Monroe G. McKay
                              Circuit Judge